IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| MARK FRANK TORRES | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-2399-P |
| | § | |
| MAUREEN CRUZ, Warden | § | |
| FCI Seagoville | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

Petitioner Mark Frank Torres, a federal prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be denied.

I.

Petitioner is serving a 180-month sentence for possession with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime. Recently, petitioner was transferred from FCI Forrest City to FCI Seagoville, where he was assigned a "Greater Security Management Variable" under the procedures set forth in Program Statement ("PS") 5100.08. That classification prevents petitioner from being housed in a minimum security facility. Petitioner filed a formal request for a change in custody status, which was denied by the warden. A subsequent appeal to the BOP Regional Director also was denied. Petitioner then appealed to the Office of General Counsel. When the BOP did not rule on the final administrative appeal after 120 days,[1] petitioner filed this action in federal district court.

---

[1] BOP regulations require the Office of General Counsel to respond to a final administrative appeal within 40 calendar days. *See* 28 C.F.R. § 542.18. "If the inmate does not receive a response within the time allotted for reply, including extension, the inmate may consider the absence of a response to be a denial at that level." *Id.*

II.

In his sole ground for relief, petitioner contends that his case manager assigned him a "Greater Security Management Variable" without notice or sufficient cause, which constitutes an arbitrary and capricious exercise of BOP authority. Such a claim implicates the Due Process Clause of the Fifth Amendment to the United States Constitution. To establish a due process violation, petitioner must first demonstrate that he has a "liberty interest" in obtaining a lower security classification or placement in a minimum security facility. A liberty interest may be created either under the Due Process Clause or by statute. *See Richardson v. Joslin*, 501 F.3d 415, 419 (5th Cir. 2007) (citing cases). In the prison context, the Due Process Clause creates a liberty interest in punishment that is not "qualitatively different from the punishment characteristically suffered by a person convicted of crime." *Id.*, quoting *Sandin v. Conner*, 515 U.S. 472, 479 n.4, 115 S.Ct. 2293, 2297 n.4, 132 L.Ed.2d 418 (1995) (internal quotations omitted). "So long . . . as the punishment is within the normal limits or range of custody which the conviction has authorized the State to impose, there is no violation of a protected liberty interest conferred by the Due Process Clause." *Id.* (citations and internal quotations omitted).[2]

Where the Due Process Clause does not create a liberty interest, the government can create one by statute. *Id.* A statute may create a liberty interest that is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Id.*, quoting *Sandin*, 115 S.Ct. at 2300. The hallmark of a statute that does not create a liberty interest is

---

[2] Examples of punishment that implicate a constitutionally protected liberty interest are the involuntary transfer of a prisoner to a mental hospital for treatment and the involuntary administration of psychotropic drugs to a mentally ill prisoner. *See Vitek v. Jones*, 445 U.S. 480, 493-94, 100 S.Ct. 1254, 1264, 63 L.Ed.2d 552 (1980).

discretion. As the Fifth Circuit observed in *Richardson*:

> Where the statute grants the prison administration discretion, the government has conferred no right on the inmate. Thus, a protected liberty interest exists only when a regulation uses mandatory language to place a substantive limit on official discretion. A unilateral expectation of certain treatment is insufficient; a prisoner must have a legitimate claim of entitlement to it.

*Id.* (citations and internal quotations omitted).

Here, petitioner was assigned a "Greater Security Management Variable" under the procedures set forth in PS 5100.08. Although the Fifth Circuit has not addressed whether that policy statement creates a liberty interest, other courts, including the presiding district judge in this case, have determined that PS 5100.08 "did not alter well-settled law that an inmate has no protected liberty interest in his classification level or his assigned facility." *Gonzalez v. Doe*, No. 3-09-CV-0671-P, 2009 WL 1704248 at *1 (N.D. Tex. Jun. 15, 2009) (Solis, J.) (collecting cases). Without a constitutionally protected liberty interest, there can be no due process violation. This ground for relief should be overruled.

## RECOMMENDATION

Petitioner's application for writ of habeas corpus should be summarily denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge

is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 15, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE